UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIAM LEFEBVRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:20-CV-04928 |
| | ) |
| WASHINGTON UNIVERSITY, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM OF DEFENDANT WASHINGTON UNIVERSITY
IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR
LACK OF PERSONAL JURISDICTION**

Defendant Washington University (the "University") submits this Memorandum in Support of its Motion to Dismiss the Complaint for lack of personal jurisdiction. Plaintiff Liam Lefebvre has failed to allege facts in the Complaint to make a prima facie case that the University is subject to personal jurisdiction—either general or specific—in Illinois. Therefore, under Federal Rule of Civil Procedure 12(b)(2), Plaintiff's Complaint must be dismissed.

**Procedural History**

On June 25, 2020, Plaintiff filed a Complaint against the University in the Circuit Court of Cook County, Illinois, Law Division. Ex. A. The Complaint alleges the University wrongfully denied Plaintiff's request for a diploma and includes putative claims for breach of contract, promissory estoppel, unjust enrichment, and negligence. After agreeing to waive service, the University timely removed the case to this Court on August 21, 2020.

**Jurisdictional Facts**

Washington University is a private educational institution organized as a benevolent corporation in the State of Missouri. Ex. B, Declaration of Cynthia M. Copeland ("Copeland

Decl.") at ¶ 3. The University provides educational services to students from its campus, and principal place of business, in St. Louis, Missouri. Copeland Decl. at ¶ 4; Compl. at ¶ 4.

The University accepts students from outside Missouri, including Illinois. Its student body is comprised of students from all 50 states and the District of Columbia, as well as many countries outside the United States. Copeland Decl. at ¶ 5. The Complaint alleges that the University sends representatives to Illinois once a year to recruit high school students from the Chicago area. Compl. at ¶ 5. According to the Complaint, in 2013 or 2014, Plaintiff Liam Lefebvre met with a University representative, who handed out materials describing the requirements for obtaining an undergraduate degree. *Id.* at ¶ 6-7. Plaintiff alleges that after the meeting, the University sent a letter to his residence in Illinois offering him "financial incentives" to enroll at the University. *Id.* at ¶ 9.

Plaintiff decided to attend the University, *id.*, mailed his acceptance letter to the University in Missouri, and moved to St. Louis to begin the Fall 2014 semester. *Id.* at ¶ 10-11. Plaintiff remained enrolled and took courses at the University through the 2018 Spring semester, *id.* at ¶ 11, but was then expelled for violating the Student Conduct Code. Copeland Decl. at ¶ 6. Due to the expulsion, the University did not issue Plaintiff a diploma nor award him a degree. *Id.* at ¶ 6.

Plaintiff alleges that on or around June 4, 2020, the University denied his request for a diploma in a letter sent to him in Illinois. Compl. at ¶ 12. The University sent the letter from Missouri in response to Plaintiff's request for a duplicate copy of his diploma. Copeland Decl. at ¶ 8. However, Plaintiff was made aware in January 2019, after he had exhausted the University's on-campus student disciplinary process, that he would not be awarded an undergraduate degree as a result of his expulsion. *Id.* at ¶ 7.

2

**Argument**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a complaint when a district court lacks personal jurisdiction over a defendant. "The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it." *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Once a defendant submits a declaration to support its Rule 12(b)(2) motion, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Id.* at 779. Illinois exercises jurisdiction over out-of-state defendants through its long-arm statute. The statute includes a catch-all provision that allows its courts to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). "Thus, the statutory question merges with the constitutional one—if Illinois constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so." *Greving*, 743 F.3d at 492. The Seventh Circuit recognizes "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

To satisfy the Fourteenth Amendment's due process requirements, a court may exercise personal jurisdiction over a nonresident defendant only if the party has "'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Aspen American Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316

3

(1945)) (internal quotations omitted). "Two types of personal jurisdiction are subject to the due process analysis: specific and general." *Id.*

It is not clear from the allegations in the Complaint whether Plaintiff asserts that Illinois courts have general or specific personal jurisdiction over the University. Regardless, Plaintiff has not and cannot make a prima facie case that jurisdiction may be exercised over the University under either premise.

    A. <u>Illinois Courts Lack General Jurisdiction Over the University</u>

"[G]eneral jurisdiction is all-purpose" and enables a court to determine a claim "even if the conduct of the defendant that is being challenged occurred entirely outside the forum state." *Aspen American*, 90 N.E.3d at 444; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporate defendant is always subject to general jurisdiction in the state of its incorporation or the location of its principal place of business. *Wesly v. National Hemophilia Foundation*, 2017 IL App (3d) 160382, ¶ 27 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014)). Only in an "exceptional case" will the out-of-state corporate defendant's activities be "'so substantial and of such a nature as to render the corporation at home'" in the forum state. *BNSF Ry. Co. v. Tyrrell*, 580 U.S. — , —, 137 S.Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 139 n. 19).

In *Wesly*, an Illinois appellate court considered whether it could exercise general jurisdiction in a defamation action against Georgetown University, a private institution located in Washington, D.C. The plaintiff, in opposing Georgetown's motion to dismiss, submitted as exhibits information from websites reflecting Georgetown's efforts to recruit students from Illinois. 2017 IL App (3d) at ¶ 12. The exhibits showed that "Georgetown regularly [held] recruiting and alumni events in Illinois in relation to its business and law schools." *Id.* The court

acknowledged that Georgetown "both recruits and educates students from the state of Illinois," but highlighted that "these students must travel to Washington D.C. in order to receive their education." *Id.* at ¶ 29. The court held that Georgetown's recruiting efforts in Illinois did not "qualify as the type of systematic and continuous operations rendering Georgetown essentially 'at home' in the state of Illinois for purposes of general personal jurisdiction." *Id*. at ¶ 30.

Federal courts, including in this jurisdiction, have reached the same conclusion. *See Thackurdeen v. Duke University*, 130 F.Supp.3d 792, 799-800 (S.D.N.Y 2015) (recruiting out-of-state students is "the sort of minimal and sporadic contact with the state that is common to all national universities" and does not render it "'at home' in a forum"); *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985) (enrollment of Pennsylvania residents in out-of-state university "does not signify a relevant business contact" because "[a]dvanced educational institutions typically draw their student body from numerous states"); *Snodgrass v. Berklee College of Music*, 2013 WL 3337815, at *4 (N.D. Ill. 2013) ("a national reputation and national draw does not, without much more, make a prominent institution of higher learning 'at home' in foreign states"), *aff'd* 559 Fed.Appx. 541 (7th Cir. 2014); *Meltzer v. McGeorge School of Law*, 1987 WL 28263, at *2 (N.D. Ill. 1987) ("plaintiff's single, conclusory allegation that McGeorge solicited his application is insufficient without supporting facts to constitute a prima facie showing of personal jurisdiction").

Here, Plaintiff effectively concedes that the University's principal place of business is in Missouri. Compl. at ¶ 4. He asserts that Illinois may exercise jurisdiction over the University because it "routinely and consistently operates in Illinois as part of its business to recruit talented students from Chicago high schools." *Id.* at ¶ 14. The allegations in the Complaint, however, do not show that the University's recruitment efforts in Illinois were routine or consistent, let alone

5

so substantial that it can be considered "at home" in Illinois. Plaintiff alleges that the University sent representatives to the Chicago area once a year to recruit high school students. *Id.* at ¶ 5. During one of these trips in 2013 or 2014, Plaintiff claims that he met with a University representative who attempted to persuade him to attend the University. *Id.* at ¶ 6. If contacts such as these were enough to establish general jurisdiction in Illinois, then Washington University—and virtually any other university in the country—could be haled into court in "every state where a member of the student body resides." *Gehling*, 773 F.2d at 542. It is well settled, in both state and federal courts in Illinois and elsewhere, that a university's recruiting activities in a foreign state are not sufficient to subject it to general jurisdiction there. Accordingly, Plaintiff's allegations related to the University's recruiting efforts in Illinois are not enough to show that it is subject to the state's general jurisdiction.

      B.  <u>This Court Lacks Specific Jurisdiction Over the University</u>

"Specific jurisdiction is case-specific." *Zamora v. Lewis*, 2019 IL App (1st) 181642, ¶ 46. To exercise specific jurisdiction over an out-of-state defendant, the defendant's conduct giving rise to a suit must have a "'substantial connection with the forum State.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). A plaintiff can establish this "substantial connection" only by showing: (1) "the defendant purposefully directed its activities at the forum state"; and (2) "the cause of action arose out of or relates to the defendant's contacts with the forum state." *Id.* (citation omitted). Even if a plaintiff can make this "substantial connection" showing, the court must still determine that exercising specific jurisdiction over an out-of-state defendant is compatible with the "fair play and substantial justice" necessary to comport with federal due process. *Purdue Res. Found.*, 338 F.3d at 781 (quoting *Int'l Shoe*, 326 U.S. at 320). The

allegations in the Complaint fail to show that this Court has specific jurisdiction over Plaintiff's claims.

1. Count I – Breach of Contract

Plaintiff alleges that he formed a contract with the University in which he agreed to pay tuition and complete the required coursework in exchange for a diploma and undergraduate degree. Compl. at ¶¶ 15, 16. According to Plaintiff, the University breached this contract by refusing to issue him a diploma after he completed the credits to satisfy the University's degree requirements. *See id.* at ¶¶ 19, 20, 24-30. Because the Complaint fails to allege facts to show that the University's actions created a substantial connection to Illinois, Plaintiff's breach of contract claim does not support specific jurisdiction over the University.

a. *Plaintiff's Allegations Are Insufficient to Show that the University Directed its Activities to Illinois*

Even assuming for purposes of this motion that the relationship between a student and university is contractual in nature under applicable law, which the University does not concede, an out-of-state defendant "does not subject itself to personal jurisdiction merely by entering into a contract with an Illinois resident." *Griffith v. Wood Bros.*, 2004 WL 2418296, at *6 (N.D. Ill. 2004) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) ("an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts"). Rather, Plaintiff must plead sufficient facts to show that the University directed its activities to Illinois. The allegations in the Complaint fail to satisfy Plaintiff's burden.

In student breach of contract cases brought against out-of-state universities, multiple federal courts have held that communications routine to the admissions process are not the type of activities that establish a substantial connection with the forum state. *See Gehling*, 773 F.2d at

7

544 (exchange of application, acceptance letter, and tuition between student and out-of-state university not "substantial enough connection with the forum state to make reasonable an assertion of personal jurisdiction"); *Khalil v. Chatham College*, 391 F.Supp.2d 588, 593-94 (S.D. Tex. 2005) (university's decision to admit plaintiff and its subsequent communications to plaintiff originating outside the forum did not establish specific jurisdiction); *Hardnett v. Duquesne University*, 897 F.Supp. 920, 923-24 (D. Md. 1995) (out-of-state university did not purposely direct its activities to forum state by sending literature and acceptance letter in response to student's application); *Meltzer v. McGeorge School of Law*, 1987 WL 28263, at *2 (N.D. Ill. 1987) ("plaintiff's single, conclusory allegation that McGeorge solicited his application is insufficient without supporting facts to constitute a prima facie showing of personal jurisdiction").

Here, Plaintiff's allegations relate solely to the University's activities directed at admitting students, like him, from Illinois high schools. Plaintiff claims that the University sends representatives once a year to recruit high school students in the Chicago area. Compl. at ¶ 5. His individual experience in this regard is limited to one alleged meeting with a University employee. *Id.* at ¶ 7. Plaintiff contends that after the meeting, the University sent him a letter offering "financial incentives" to convince him to enroll. *Id.* at ¶ 9. These actions by the University—meeting with Chicago high school students, including Plaintiff, during once-a-year visits—are too attenuated to show a substantial connection between the University and Illinois. Indeed, the University's decision to offer Plaintiff a spot in its incoming Fall 2014 class was made in Missouri, not Illinois. *Khalil*, 391 F.Supp.2d at 594 (noting that out-of-state university's decision to admit student was made from the University and therefore insufficient to establish specific jurisdiction in the forum state).

Finding that specific jurisdiction exists based on these limited allegations would also subvert the foreseeability component critical to jurisdictional analysis. Foreseeability is "significant" in determining, based on the alleged activities, "whether the defendant could have anticipated being haled into the courts of the state with respect to the matter at issue." *Purdue Res. Found.*, 338 F.3d at 780. "This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." *Id.* In applying the foreseeability analysis to a contract claim, the Seventh Circuit considers "the terms of the contract and the parties' course of actual dealing with each other." *Id.* at 781.

Under Illinois law, a significant factor in the foreseeability analysis is the location where the alleged contract is performed. *Liaquat Khan v. Van Remmen, Inc.*, 756 N.E.2d 902, 910 (Ill. App. 2 Dist. 2001). Federal courts have similarly focused on this factor in breach of contract actions by students against universities located outside the forum state. *Khalil*, 391 F.Supp.2d at 594 (emphasizing the "[p]erformance of the alleged contract" between student and out-of-state university "would take place at" the university and not the forum state); *Gehling*, 773 F.2d at 543-44 (noting that the contract between a student and out-of-state university "was to be performed" at the university). Plaintiff acknowledges that, under the terms of his alleged contract with the University, he enrolled in and completed courses at the University's campus in Missouri over a four-year period. *See, e.g.,* Compl. at ¶ 11, 19. Comparing this substantial period of time when the alleged contract was performed in Missouri with the single, isolated contact that the University had with Plaintiff in Illinois prior to his enrollment highlights why the University never would have contemplated having to litigate Plaintiff's claim regarding a University degree in Illinois.

9

Moreover, if sporadic and infrequent student recruiting activities satisfy the due process requirement necessary to establish specific jurisdiction, universities would be subject to suit "in each state in which successful applicants resided at the time of their acceptance." *Gehling* 773 F.2d at 544. Such a result would discourage universities from developing geographically diverse student bodies, lest they be haled into courts across the country for actions and decisions that occur on their campuses. It would also reduce the information about potential college choices available to students.

As the *Gehling*, *Hardnett*, *Khalil*, and *Meltzer* courts recognized, an out-of-state university's activities aimed at recruiting students from the forum state does not demonstrate a substantial connection sufficient to establish specific jurisdiction. This Court should conclude the same here and dismiss Plaintiff's breach of contract claim for this reason alone.

b. *Plaintiff's Breach of Contract Claim Does Not Relate to the University's Contacts with Illinois*

In order to establish specific jurisdiction over the University, Plaintiff must also show that his breach of contract claim arises out of or relates to the University's alleged contacts with Illinois. *Zamora*, 2019 IL App (1st) 181642, ¶¶ 46-47. Plaintiff attempts to do so by alleging in conclusory fashion that the University provided him with "an unconditional right to a diploma" as part of "an express or implied relationship" created "through his matriculation as a student" at the University. Compl. at ¶¶ 24-25. Plaintiff asserts that under the alleged contract he agreed to pay tuition to: (1) attend courses offered by the University; and (2) obtain an undergraduate degree once he completed the required coursework. *Id.* at ¶ 24. Plaintiff's breach claim centers on the University's decision not to issue him a diploma. *See id.* at ¶ 12, 21, 29.

The Complaint suggests that Plaintiff first learned of the University's decision to deny him a diploma and undergraduate degree in a letter sent on June 4, 2020. Compl. at ¶ 12. This

10

allegation is misleading. Plaintiff was aware of the basis for the University's decision—his expulsion for violating the Student Conduct Code—in January 2019. Copeland Decl. at ¶ 7. That decision came after the University conducted an on-campus student disciplinary process that included an investigation, a hearing, and an appeal. *Id*. at ¶ 6. Plaintiff participated in each stage of that process at the University's campus in Missouri. Despite his knowledge of the University's decision at the beginning of 2019, Plaintiff, a year and a half later, sent to the University a form request for a replacement diploma. *Id.* at ¶ 8. There was, of course, no diploma to replace, which the University indicated in its letter that Plaintiff references. *See id.* In any event, this attempt to manufacture a jurisdictional fact falls well short of showing any connection between the University's decision to deny his request for a diploma and its attenuated contacts with Illinois.

The gap in time from the University's limited pre-enrollment contact with Plaintiff in Illinois to its decision not to issue him a diploma—more than four years—further demonstrates that his breach of contract claim does not arise out of any University activity in Illinois. *See Hardnett*, 897 F.Supp. at 924 (noting that the lapse of one year between the plaintiff's claim and an out-of-state university's "simple back and forth correspondence" alone suggested the claim did not "arise out of" the university's contacts with the forum). Moreover, the University's decision not to issue a degree was made at its campus in Missouri, not in Illinois.

As an Illinois appellate court noted just last year, "'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Zamora v. Lewis*, 2019 IL App (1st) 181642, ¶ 69 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "And '[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected

activities in the State.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. —, —, 137 S. Ct. 1773, 1781 (2017). Given this critical disconnect between the alleged breach of contract and the Complaint's allegations of the University's contacts with Illinois, specific jurisdiction over the University is lacking. Count I must therefore be dismissed for this independent reason.

        2. Counts II and III – Promissory Estoppel and Unjust Enrichment

In Counts II and III, Plaintiff asserts against the University the equitable claims of promissory estoppel and unjust enrichment. These claims must be dismissed for the same reasons as Plaintiff's breach of contract claim. *See Griffith*, 2004 WL 2418296, at *6-8 (dismissing for lack of personal jurisdiction all claims against defendants that "resulted from the contractual relationship developed between" the parties).

Just like his breach of contract claim, Plaintiff's promissory estoppel and unjust enrichment claims focus on the University's decision not to issue him a diploma. *See* Compl. at ¶¶ 39, 44. Again, the University made that decision in Missouri. Thus, Plaintiff's equitable claims are wholly unrelated to the University's actions in Illinois as alleged in the Complaint.

        3. Count IV – Negligence

Plaintiff alleges that, in the alternative to his breach of contract claim, the University's "negligent failure to issue a degree to Plaintiff was the proximate cause of some of" his alleged damages. *Id.* at ¶ 48. Under Illinois law, "where personal jurisdiction is asserted based on a defendant's tortious conduct in Illinois, 'the plaintiff must allege that the defendant performed a tortious act or omission and caused an injury in Illinois.'" *Monahan v. CoreMedia AG*, 2015 IL App (1st) 141303, ¶ 25 (quoting *Aasonn, LLC v. Delaney*, 2011 IL App (2d) 101125, ¶ 16). "The Illinois long-arm statute provides that a defendant who commits a tortious act within the

state is subject to jurisdiction if the cause of action arises from the tortious act." *Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F.Supp. 1316, 1319 (N.D. Ill. 1996).

In *Vilchis v. Miami University of Ohio*, the Seventh Circuit held that Illinois lacks specific jurisdiction over an out-of-state university when an injury occurring on its campus is the basis of a student's negligence claim. 99 Fed.Appx. 743, 745-46 (7th Cir. 2004). The plaintiff in *Vilchis* was a high school student in Illinois whom Miami University, through its diving coach, recruited and offered a scholarship. *Id.* at 744. After joining Miami's diving team, the plaintiff suffered an injury while participating in practice at Miami's campus in Ohio. *Id.* She filed suit in Illinois alleging that the university was negligent in responding to her injury. *Id.* In an attempt to show that Illinois had specific jurisdiction over Miami, the plaintiff alleged that as an Illinois high school student she was induced by the promise of a four-year scholarship to attend the university. *Id.* The Seventh Circuit emphasized that "[w]here a plaintiff asserts that a court has specific personal jurisdiction over a nonresident defendant, the cause of action asserted by the plaintiff must arise out of the contacts that occurred in the forum state, Illinois." *Id.* at 746. Because the "[t]he act complained of" by the plaintiff, Miami's negligence in response to her injury, had nothing to do with the alleged promises made to her in Illinois, the Court dismissed the claim. *Id.* at 745.

To support his negligence claim, Plaintiff simply reiterates his allegations of the same conduct that he asserted to support his breach of contract and equitable claims—that the University denied his request for a diploma. Compl. at ¶¶ 51, 52. Plaintiff's allegation that the University denied his request in a letter sent to him in Illinois, *id.* at ¶ 12, is the only factual assertion that purports to connect the University's decision in any way with the forum. Even if this was the first time the University communicated its decision to Plaintiff (and it clearly was

not), the University's decision was made through a student disciplinary process on its campus in Missouri. Thus, the tortious act that Plaintiff complains of occurred outside of Illinois. Because Plaintiff has not shown that the University is subject to specific jurisdiction in Illinois, his negligence claim must be dismissed.

## Conclusion

Plaintiff's allegations provide no basis for subjecting the University to personal jurisdiction—either general or specific—in Illinois. Accordingly, the University respectfully requests that this Court dismiss the Complaint in its entirety.

Dated: September 18, 2020

Respectfully submitted,

WASHINGTON UNIVERSITY

By: /s/ Bruce M. Lichtcsien

Bruce M. Lichtcsien
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson, Suite 3400
Chicago, IL 60601
(312) 784-5431
blichtcsien@hww-law.com

HAAR & WOODS, LLP
Robert T. Haar (pro hac vice)
Lisa A. Pake (pro hac vice)
Matthew A. Martin (pro hac vice)
1010 Market Street, Suite 1620
St. Louis, MO 63101
(314) 241-2224
roberthaar@haar-woods.com
lpake@haar-woods.com
mmartin@haar-woods.com

*Attorneys for Defendant Washington University*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 18, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ELF system, which will send notification of filing to Plaintiff's counsel.

/s/ Bruce M. Lichtcsien
Bruce M. Lichtcsien, Attorney
for Washington University