IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LIAM LEFEBVRE,

                    Plaintiff,

      v.

WASHINGTON UNIVERSITY,

                    Defendants.

Case No. 20 C 4928

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

The Plaintiff, a former student at Washington University in St. Louis, Missouri, was expelled and denied a diploma even though he had completed four years of study and had met the University's criteria for graduation. (Compl. ¶¶ 1-4, Notice of Removal, Ex. A, Dkt. No. 1-1.) As a result, he filed this suit against the University for breach of contract, promissory estoppel, unjust enrichment, and negligence. Washington University has moved to dismiss for lack of personal jurisdiction.

According to the complaint, Washington University provides educational services to its students at its campus and principal place of business in St. Louis, Missouri. (*Id.* ¶ 4.) The student body is cosmopolitan and comes from all fifty states and several foreign countries. (Copeland Decl. ¶ 5, Mem., Ex. B, Dkt. No. 16-

2.) The University actively recruits students by sending representatives to various states including Illinois. (*Id.* ¶ 4; Compl. ¶ 5.) Plaintiff was actively recruited by Washington University's representatives, was offered financial incentives to enroll, and was promised a degree upon completion of the required course work. (Compl. ¶¶ 6–9.) Over his four years as a student, Plaintiff paid all fees and tuition, and completed the required course work. (*Id.* ¶ 11.) Despite this, Plaintiff was informed on June 4, 2020, that the University did not intend to award him an undergraduate degree or issue him a diploma. (*Id.* ¶ 12.) This injury is the basis for Plaintiff's lawsuit.

Washington University claims this Court lacks general jurisdiction over it because, as Plaintiff admits, its principal place of incorporation and business is St. Louis, Missouri. (*Id.* ¶ 4.) Plaintiff responds arguing that the University's contacts with Illinois are so substantial to make it "at home" in Illinois. It provides free education to impoverished students from Southern Illinois. (Pl. Decl. ¶ 11, Opp'n, Ex. A, Dkt. No. 18-1.) It also provides health care in Illinois through its alter ego, an Illinois corporation named Washington University Physicians in Illinois, Inc. (*Id.* ¶ 6.)

Washington University claims this Court lacks specific jurisdiction over it because the actions in support of his claims

- 2 -

upon which Plaintiff relies all occurred in St. Louis, Missouri. Plaintiff responds that portions of the contract at issue were performed in Illinois, such as the oral promise of a diploma if he completed the required course work and the mailing from Illinois of his written acceptance. He also argues, although his contract required Washington University to provide him education in Missouri, the University unilaterally amended the contract when it kicked him off campus in his senior year, forcing him to complete his course work and final exams remotely in Illinois.

## II. DISCUSSION

Under the Constitutions of the United States and Illinois, the ability to exercise personal jurisdiction over a non-resident defendant is extremely limited. There are two types of personal jurisdiction, general and specific. Specific jurisdiction is case specific, i.e., the cause of action must arise from or relate to the defendant's contacts with the forum state. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). General jurisdiction allows the pursuit of a claim "neither arising out of nor related to the defendant's contacts and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). Plaintiff acknowledges that his best argument is to rely

on general jurisdiction because his ejection from campus and Washington University's refusal to give him a diploma both occurred in Missouri.

General jurisdiction was explicitly cabined when the United States Supreme Court, in *Daimler AG v. Bauman*, held that general jurisdiction does not rest on "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" 571 U.S. 117, 139 (2014). Instead the Due Process Clause allows a court to exercise general jurisdiction over a foreign corporation only when "its affiliations with the state are so 'continuous and systematic' as to render it essentially at home in the forum State.'" *Id.* at 127.

The Illinois Supreme Court elucidated this requirement in *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440 (Ill. 2017). In that case, the defendant was in the business of operating warehouses, including a building in Illinois. *Id.* at 442. The actual conduct giving rise to plaintiff's cause of action, however, occurred in one of defendant's warehouses located in Michigan. *Id.* The Illinois Supreme Court held that the fact that a corporation can operate in many different states does not make it at home in any of them other than its home state. *Id.* at 446. Here, Plaintiff argues that Washington operates as a healthcare provider in Illinois. Washington University's

healthcare services does not make Illinois rather than Missouri, where the University operations gave rise to the Plaintiff's claims, its home. Washington University's main business is education, not health care, and as a result its connection with Illinois is even more attenuated than the defendant in *Interstate Warehousing.*

The case of *Wesly v. National Hemophilia Foundation,* 77 N.E.3d 746 (Ill. App. Ct. 2017), involved a similar jurisdictional question. Plaintiff sought to sue Georgetown University in Illinois for tortious conduct that occurred when a Georgetown Adjunct Professor posted alleged defamatory comments about the plaintiff on a website. *Id.* at 748. Plaintiff sought to obtain general jurisdiction over Georgetown based on its recruitment activities in Illinois and its regular and extensive fundraising performed by its large contingent of alumni that reside in Illinois. *Id.* at 750. While the Illinois Appellate Court noted that this was a case of first impression in Illinois, many other courts in other neighboring states have held that a university cannot be deemed at home in a forum merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities. *Id.* at 752. The court went on to hold it therefore lacked general jurisdiction over Georgetown. *Id.* at 753.

Plaintiff's argument for specific jurisdiction is also unsuccessful. The fact that he (like millions of other college students impacted by the COVID-19 pandemic) was forced to take his classes remotely as a result of being kicked off the campus, is not relevant to his claims before the Court. Plaintiff's claims stem from being denied a degree and a diploma after completing all requirements to receive one. This decision was both made and enforced in Missouri. Plaintiff acknowledges these facts in his brief: "Defendant may have decided not to award Plaintiff a diploma in St. Louis, but Plaintiff only learned this decision when he received the letter in June 2020 mailed to his Illinois residence . . ." (Opp'n at 9.) In summary, the product "sold" by Washington to Plaintiff was an education, the educational teaching occurred in Missouri regardless of whether Plaintiff heard it in Missouri or in Illinois, and the University's decision not to award him a degree for his efforts occurred in Missouri. Therefore, there is neither specific nor general jurisdiction over Washington University in this matter.

### III.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss for lack of Jurisdiction is granted. The case is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 1/20/2021